ROBERT W. FREEMAN, ESQ.
Nevada Bar No. 03062
Email: Robert.Freeman@lewisbrisbois.com
PRISCILLA L. O'BRIANT, ESQ.
Nevada Bar No. 010171
Email: Priscilla.Obriant@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH** LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
702.893.3383
FAX: 702.893.3789
*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA, SOUTHERN DIVISION

| | |
|---|---|
| MARISSA SKINNER, individually,<br><br>        Plaintiff,<br><br>        vs.<br><br>GEICO CASUALTY INSURANCE COMPANY, individually; and DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>        Defendants. | CASE NO.:   2:16-cv-00078-APG-NJK<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

It appearing to the Court that the Plaintiff MARISSA SKINNER ("Plaintiff") and Defendant GEICO CASUALTY COMPANY (incorrectly sued as GEICO CASUALTY INSURANCE COMPANY, hereinafter ("GEICO") are in agreement that GEICO possesses proprietary policies and procedures that include confidential information that may be subject to discovery in the proceedings in this matter but which should not be made available to the public generally, this Court hereby orders that:

1.      This Confidentiality Agreement and Protective Order shall govern certain discovery and document production among the parties, as well as discovery and document production from third parties, in the above-referenced action.

2.      For purposes of this Confidentiality Agreement and Protective Order, the term "Confidential Information" shall refer to:  (1) information which any party or non-party

4831-7637-9696.1

1  believes in good faith to be a trade secret or confidential research, development,
2  commercial, or other proprietary business information within the meaning of ~~NRCP~~ Fed. R. Civ. P. 26(c)(1)(G)
3  ~~26(c)(7)~~; and (2) documents and/or testimony that may reveal confidential, proprietary,
4  personal, or commercially sensitive information.  Such Confidential Information may be
5  contained in any written, printed, recorded, or graphic matter of any kind and shall retain
6  its confidential designation regardless of the medium on which it is produced, reproduced,
7  or stored.  Such Confidential Information may also be elicited at deposition or through
8  written discovery.

9    3.   Whenever any party or non-party desires to designate information
10 contained in a document as Confidential Information, the designating party shall mark
11 each page of the document with the word "CONFIDENTIAL" and identify such
12 Confidential Information at the time of production.  Confidential Information may be used
13 in the course of depositions in accordance with this Confidentiality Order.

14   4.   If any Party disagrees with the designation of materials marked
15 "Confidential," the objecting Party shall within five (5) days of receipt of the materials,
16 provide written notice of the disagreement to GEICO, requesting a meeting to confer with
17 counsel for GEICO to resolve the dispute over the "Confidential" designation.  If the
18 dispute over the designation is not resolved informally between the parties, GEICO will
19 file a motion with the Court to resolve the dispute regarding the "Confidential"
20 designation.  GEICO will have 30 days from the date in which the parties meet and confer
21 regarding the dispute over the designation, in which to file a motion with the court
22 regarding the designation.  In any event, unless and until a Court ruling is obtained
23 changing a designation, or the Party designating the materials as "Confidential" agrees
24 otherwise in writing, the material involved shall be treated according to the existing
25 "Confidential" designation.

26   5.   Transcripts or exhibits from any deposition or hearing shall be temporarily
27 designated as "Confidential" and be treated as subject to the terms of this Stipulation.
28 Within forty-five (45) days of receipt of such transcripts and exhibits, Counsel will

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

4831-7637-9696.1                                       2

designate the pages of the transcripts or exhibits which shall remain designated as "Confidential" and will advise all other parties. If no designation is made within forty-five (45) days, the entire transcript and all exhibits will be deemed not confidential.

6. All documents produced or information disclosed and any other records designated as "confidential" by GEICO shall be revealed only to:

    a) Plaintiff;

    b) Plaintiff's counsel of record in this case;

    c) Defendant;

    d) Defendant's counsel of record in this case;

    e) Paralegals and secretarial employees under counsels' direct supervision;

    f) Outside photocopying, translating, document management, and exhibit preparation services engaged by a party for purposes of this litigation;

    g) Persons employed by counsel to act as consultants or experts in this action;

    h) Any other person GEICO agrees in writing may be shown such documents; and

    i) The Court and court personnel, stenographic reporters, and videographers at depositions taken in this action and any jury empanelled in this action, subject to the protections of this Order and to any order the Court subsequently enters to preserve the confidentiality of documents used at trial.

7. The information considered as "Confidential" and disclosed only in accord with the terms of this agreement shall include, without limitation, any claims manual, training materials, and any other information or documentation supplied by GEICO and designated as "Confidential."

/ / /

1   8.   Documents deemed confidential by GEICO shall be used only for the purposes of prosecuting or defending this action.  Under no circumstances shall information or materials covered by this Protective Order be disclosed to or discussed with anyone other than the individuals designated in Paragraph 6.

5   9.   Prior to disclosure of any documents designated as "confidential" to any individual who is not a signator to this Agreement, counsel shall require such individual to read this Protective Order and sign the Agreement which is attached hereto as Exhibit A and shall provide a copy of the signed Agreement to counsel for GEICO.

See order issued concurrently herewith

~~10.   Prior to submitting any filing which attaches or contains language from signated as "confidential," Plaintiff must confer with GEICO regarding iling under seal.  At GEICO's discretion, Plaintiff will file the pleading under seal and GEICO will contemporaneously file a motion for leave to file the documents under seal, consistent with the court's electronic filing procedures in accordance with Local Rule 10-5(b).  Notwithstanding any agreements among the parties, GEICO bears the burden of overcoming the presumption in favor of public access to papers filed in court. Kamakana v. City and County of Honolulu, 447 F.2d 1172 (9th Cir. 2006); Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 677-78 (9th Cir. 2010).~~

11.   This Order is subject to revocation and modification by Order of the Court upon written stipulation of the parties or upon motion and reasonable notice, including opportunity for hearing and presentation of evidence.

12.   If any Party believes that it is not bound by this Order respecting documents designated "Confidential," it shall give notice to counsel for GEICO at least 30 days before the Party uses or discloses such documents in a manner prohibited by this Order, to enable GEICO to contest the intended use through a motion to the Court.

13.   Within 30 days of the final termination of this case, all documents and information subject to this Order, including any copies or extracts or summaries thereof, or documents containing information taken therefrom, shall be returned to counsel for GEICO upon request of GEICO or its attorneys.  In the alternative, within 30 days of the

final termination of this case, all such documents, including copies or extracts or summaries thereof, may be shredded or disposed of in a manner to ensure the destruction thereof and a declaration certifying such destruction or disposal provided to GEICO.

14. In any action or proceeding to enforce this Stipulated Protective Order, or pursuant to paragraph 12, the prevailing party shall be entitled to recover its reasonable attorneys' fees and costs, without limiting any other relief that may be available.

15. This Order shall remain in effect after the conclusion of this case and the Court shall retain jurisdiction to enforce its terms and to prevent or punish violations of it.

DATED this 17th day of March, 2017.        DATED this 17th day of March, 2017.

LEWIS BRISBOIS BISGAARD & SMITH            CLARK MCCOURT

/s/ Priscilla L. O'Briant                  /s/ Lukas B. McCourt
ROBERT W. FREEMAN, ESQ.                    BRIAN P. CLARK, ESQ.
Nevada Bar No. 03062                       Nevada Bar No. 04236
PRISCILLA L. O'BRIANT, ESQ.                LUKAS B. MCCOURT, ESQ.
Nevada Bar No. 010171                      Nevada Bar No. 11839
6385 S. Rainbow Boulevard, Suite 600       7371 Prairie Falcon Road, Ste. 120
Las Vegas, Nevada 89118                    Las Vegas, NV 89128
*Attorneys for Defendant*                  *Attorneys for Plaintiff*

## ORDER

IT IS SO ORDERED:

Dated March 20_____, 2017.

_____
~~UNITED STATES DISTRICT JUDGE~~
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT OF RECEIPT AND AGREEMENT TO COMPLY WITH STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

The undersigned hereby acknowledges that he/she has been provided with a copy of the parties' STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER in the lawsuit captioned Marissa Skinner vs. GEICO Casualty Insurance Company (United States District Court, District of Nevada Case No. 2:16-cv-00078-APG-NJK). The undersigned agrees to be bound by the terms of the referenced *Stipulated Confidentiality Agreement and Protective Order* in the same manner as Plaintiff, Defendant, and their attorneys.

DATED this _____ day of _____, 2017.

By: _____
Litigation Participant - Signature

_____
Name (Printed)

_____
Street Address

_____
City          State   Zip

_____
Occupation of Business